# IN THE COURT OF APPEALS OF IOWA

No. 17-0466
Filed February 21, 2018

IN RE THE DETENTION OF RAYMOND GUTHRIE,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Madison County, Gregory A. Hulse,
Judge.


        Raymond Guthrie appeals from an order of civil commitment entered
pursuant to Iowa Code chapter 229A (2015). **AFFIRMED.**


        Jill A. Eimermann of State Public Defender's Office, Des Moines, for
appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee State.


        Considered by Potterfield, P.J., Mullins, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Raymond Guthrie appeals from the district court judgment finding him to be a sexually violent predator subject to civil commitment under Iowa Code chapter 229A (2015). Guthrie challenges the sufficiency of the evidence showing that he is a sexually violent predator. As defined in chapter 229A, a sexually violent predator is a person who has been convicted of or charged with a sexually violent offense and suffers from a mental abnormality that makes the person more likely than not to engage in predatory acts constituting sexually violent offenses if not confined in a secure facility. Iowa Code § 229A.2(5) (defining "likely to engage in predatory acts of sexual violence"), (12) (defining "sexually violent predator"). Specifically, Guthrie alleges the State failed to prove beyond a reasonable doubt that he is more likely than not to commit a sexually violent offense if not confined.

We review Guthrie's challenge to the sufficiency of the evidence for the correction of errors at law. *See In re Det. of Betsworth*, 711 N.W.2d 280, 286 (Iowa 2006). We will affirm the finding that Guthrie is a sexually violent predator if it is supported by substantial evidence. *See id.* In determining whether substantial evidence supports the finding, we consider the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may be fairly and reasonably deduced from the record. *See id.* Evidence that raises only suspicion, speculation, or conjecture is insufficient. *See id.*

Guthrie admits to sexually abusing a four-year-old child three or four times in 2008. He began abusing the child again in 2012, when the child was eight. That abuse led to Guthrie's conviction on the charge of lascivious acts with a child. In

2010, he was convicted of indecent exposure. He meets the diagnostic criteria for pedophiliac disorder, exhibitionist disorder, and anti-social personality disorder.

Guthrie's sole challenge on appeal concerns whether he is more likely than not to reoffend. Two expert witnesses testified at Guthrie's trial concerning the likelihood of his recidivism. Both experts scored Guthrie significantly higher than average on diagnostic tests used to determine a perpetrator's likelihood to reoffend. However, the experts' opinions differed as to the likelihood that Guthrie would engage in predatory acts constituting sexually violent offenses if he was not confined. The State's expert concluded Guthrie was likely to reoffend by using the more standard approach in determining risk, which relies "almost exclusively" on the standard actuarial assessments. Guthrie's expert reached the opposite conclusion, opining that factors like treatment and age mitigated the likelihood that Guthrie would reoffend.

In finding Guthrie to be a sexually violent predator, the district court relied more heavily on the opinion of the State's expert. The court found the standardized assessments used by the State's expert were more reliable and credible in determining the risk to reoffend than the clinical factors relied on by Guthrie's expert. Determining witness credibility and weighing evidence was the job of the district court as factfinder. *See In re Det. of Barnes*, 689 N.W.2d 455, 461 (Iowa 2004). In doing so, the court was free to reject the testimony of one expert witness and accept the testimony of the other expert witness. *Cf. In re Det. of Hennings*, 744 N.W.2d 333, 340 (Iowa 2008) (noting the jury was free to reject the testimony of Hennings's expert witnesses and instead to accept the testimony of the State's expert witness). When the determination that a person is a sexually violent

predator "turn[s] on a judgment of credibility between two experts with different opinions, we give weight to the district court's judgment." *Barnes*, 689 N.W.2d at 461.

Guthrie argues substantial evidence does not support the district court's conclusion because the recidivism rate, as determined by the actuarial assessments, is less than fifty percent and, therefore, not "more likely than not." The recidivism rate Guthrie refers to is the rate at which those who scored similarly on the assessments were convicted of another sexually violent offense in the five years following the assessment. To put this evidence in context, the State's expert testified that sexually violent crimes are underreported, with sixty-five percent of children who have been sexually abused never reporting the abuse to anyone as a child. Of the thirty-five percent who do report it, only between ten and eighteen percent make a report to law enforcement. Presumably, an even lesser percentage of these crimes are prosecuted and lead to a conviction. As such, the fact that half of the offenders who scored similarly to Guthrie were convicted of a sexually violent offense within five years of the assessment does not negate a finding that Guthrie is more likely than not to reoffend. Guthrie's assessment scores place him in the top ten percent of all sex offenders for risk of reoffending. Viewing this evidence with the rest of the record in the light most favorable to the State while giving the appropriate weight to the district court's credibility findings, substantial evidence supports the district court's finding that Guthrie is more likely than not to reoffend if not confined. Because there is sufficient evidence that Guthrie is a sexually violent predator, we affirm the civil commitment order.

**AFFIRMED.**